**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| ADRIÁN ESPINOZA DE LA CRUZ and A-E-V, a minor,<br><br>Petitioners,<br><br>v.<br><br>ZACHARY CROSSON, Chief Patrol Agent of the Havre Sector, U.S. Customs and Board Patrol; et al.,<br><br>Respondents. | **CV-26-289-GF-BMM**<br><br>**ORDER** |

Petitioner Adrián Espinoza De La Cruz has filed a petition on behalf of himself, and his minor daughter, A-E-V, for writ of habeas corpus under 28 U.S.C. § 2241 alleging that Petitioners are in custody in the District of Montana in violation of the Constitution or laws of the United States. Petitioners are members of the *Hernandez* putative class. (Doc. 1 ¶ 1, Ex. 1.)

The Court has discretion to determine when a response to a § 2241 habeas petition is due. *See*, *e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254); *Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985) (pursuant to Habeas

Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A court considering a habeas corpus petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243.

The Court finds that the Petition establishes a *prima facie* case for relief. Therefore, the Court directs that the Petition be served on the United States Attorney's Office for the District of Montana ("USAO") and directs Respondents to show cause why the writ of habeas corpus should not be granted. The Court also sets a briefing schedule for the Petition. The Court ORDERS:

1. The Clerk is directed to effectuate immediate service, if service has not already been accomplished, of the habeas petition filed in this case upon Respondents.
2. The Clerk of Court is directed to Mail a copy of the Petition (ECF No. 1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Zachary Crosson, Chief Patrol Agent of the Havre Sector, U.S. Customs and Board Patrol, 2605 5th Ave. SE, Havre, MT 59501.
3. Respondents shall file a response to De La Cruz and A-E-V's individual habeas petition (ECF. No. 1) no later than August 20, 2026. Any arguments that the petition should be dismissed shall be made in the response and not by separate motion.

4. The Court will hold a hearing on De La Cruz and A-E-V's individual Order to Show Cause on August 21, 2026, at 3:30 P.M. at the Paul G. Hatfield Federal Courthouse in Helena, Montana. No petitioners need to be present at the hearing. Petitioners shall appear remotely. Counsel also may file motions with the Court to appear by Zoom.

5. Any reply by Petitioners De La Cruz and A-E-V shall be filed before the hearing on August 21, 2026.

6. The Court's previous orders related to the *Hernandez* putative class remain in effect.

7. Respondents shall not transfer Petitioners, including De La Cruz and A-E-V along with the rest of the *Hernandez* putative class, out of the District of Montana or remove them from the United States.

8. If either party seeks an expedited or enlarged briefing schedule, counsel for that party shall contact the opposing counsel promptly to meet and confer. The parties shall then file a joint expedited motion, noted for the same day it is filed, that contains either an agreed briefing schedule or the parties' competing proposals for a briefing schedule.

**DATED** this 18th day of August, 2026.

Brian Morris, Chief District Judge
United States District Court